UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMAL R. CRAWFORD et al.,                                                                     Plaintiffs,

v.                                                                            Civil Action No. 3:17-cv-P485-DJH

MATT BEVIN et al.,                                                              Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Jamal R. Crawford and Walter D. King, filed a *pro se*, *in forma pauperis* civil-rights complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the complaint will be dismissed in part and allowed to proceed in part, and Plaintiffs will be given a chance to amend their complaint.

**I. SUMMARY OF CLAIMS**

Plaintiffs are pretrial detainees at the Louisville Metro Department of Corrections (LMDC). They name as Defendants in their official capacities Kentucky Governor Matt Bevin, Louisville Mayor Greg Fischer, and LMDC Director Mark Bolton. The complaint alleges that on July 12, 2017, at approximately 1:30 p.m., a toilet in the "old police headquarters" where Plaintiffs were housed began spewing water laden with feces "onto the floor throughout the dayroom." Plaintiffs state that, although inmates made attempts to contain the water, contaminated water was tracked throughout the walk. Plaintiffs state that inmates expressed concerns about exposure to health hazards such as staphylococcus and hepatitis, but their requests for adequate

cleaning supplies were ignored in violation of "the 8th Amendment Rights of this specific group of inmates."

The complaint alleges that, at the 10:30 p.m. shift change, the floor officers asked inmates to step inside their cells, as was standard practice, even though the contaminated water was visible. Plaintiffs state that the inmates refused to move, which is when about forty officers "ran into the walk throwing inmates face down in urine and feces." The complaint also alleges that the "old police head quarters" is a "condemned building" with no working air conditioner. The complaint further alleges:

> [W]e're all getting sick being that there isn't a functional air intake system. The temperature on an average day inside walk #2 ranges from 91-94 [degrees farenheit]. In this month of July, it's like hell here for the man with asthma. This building has no water pressure, therefore we're forced to drink water under inhumane conditions, and we can't wash our hands respectfully.

Attached to the complaint are copies of a grievance filed by another inmate, Samuel Barfield, regarding the overflowing toilet and the staff's failure to provide inmates with adequate cleaning supplies. It appears to have been written on July 12, 2017, around 4:00 pm.[1] Also attached is a copy of a document which reads: "This class of inmates have had their 8th Amendment right . . . violated do to being housed in a condemn building known as the old police head quarters . . . as to where they've been forced to suffer from . . . cruel and unusual punishment." It is signed by twenty-one inmates.

As relief, Plaintiffs ask for monetary and punitive damages, injunctive relief in the form of "shutting head quarters down permanently," and to "allow medical releases for the inmate involved; expenses paid."

---

[1] Although two copies of this grievance which state that they have been hand copied for better legibility contain the date July 21, the original carbon copy of the grievance was dated July 12.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claims on behalf of other inmates

To the extent that Plaintiffs are attempting to bring suit on behalf of any other inmates, they may not do so. Section 1654 of Title 28 of the U.S. Code "specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. . . . The federal courts have long held that Section 1654 preserves a party's right to proceed *pro se*, but only on his own claims; only a licensed attorney may represent other persons." *Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 769 (W.D. Tenn. 2013). Thus, any claims brought by Plaintiffs on behalf of other inmates will be dismissed.

### B. Defendant Bevin

Plaintiffs do not make any allegations against Defendant Bevin. Some factual basis for a claim must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must explain how each Defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiffs' complaint fails to do so with regard to Defendant Bevin. As such, these claims must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

Moreover, to sue Defendant Bevin, the Governor of the Commonwealth of Kentucky, in his official capacity is tantamount to suing the Commonwealth of Kentucky. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that if an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity). LMDC is not a state penal institution; rather, it is the detention center for Louisville Metro.

### C. Defendants Fischer and Bolton

Plaintiffs' suit against Defendants Fischer and Bolton in their official capacities is actually brought against the Louisville Metro government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the complaint identifies an LMDC policy or policies causing the alleged constitutional violations related to the non-functioning air intake system and the lack of air conditioning and water pressure.

Plaintiffs are pretrial detainees. "Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). The Cruel and Unusual Punishments Clause does not apply to pretrial detainees. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). However, pretrial detainees are shielded from cruel and unusual punishment by the Due Process Clause of the Fourteenth Amendment, which provides similar if not even greater protection than the Cruel and Unusual Punishments Clause. *Id*.

Upon review, the Court will allow Plaintiffs' conditions-of-confinement claims regarding the non-functioning air intake system, the lack of a working air conditioner, and the lack of water pressure to go forward against Defendants Fischer and Bolton in their official capacity. In allowing the claims to continue, the Court expresses no opinion on the ultimate merit of those claims.

With regard to Plaintiffs' claims regarding not being given adequate cleaning supplies to clean up the contaminated water and being forced to lie down in the contaminated water during the guard shift-change, the complaint does not allege a policy or custom of LMDC that was the moving force behind these alleged constitutional violations. Therefore, the Court will dismiss the official-capacity claims against Defendants Fischer and Bolton related to the lack of cleaning supplies and being forced to lie down in contaminated water. However, the Court will allow Plaintiffs to amend to name the person(s) responsible for those alleged violations in their

individual capacities. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that any claims brought on behalf of inmates other than Plaintiffs are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Bevin and the official-capacity claims against Defendants Fischer and Bolton related to the lack of cleaning supplies and being forced to lie down in contaminated water are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate Defendant Bevin as a party in this case.

The Clerk of Court is also **DIRECTED** to send to Plaintiffs a 42 U.S.C. § 1983 complaint form with this case number affixed thereto and the word "Amended" written thereon along with six blank summons forms. The Court will conduct an initial review of Plaintiffs' amended complaint pursuant to § 1915A.

Date: November 10, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
4415.009